IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAELA LENNON, ) | 1:05cv1189 OWW DLB |
| ) | |
| ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF ACTION |
| Plaintiff, ) | |
| vs. ) | |
| JO ANNE BARNHART, Commissioner, ) | |
| ) | |
| Defendant. ) | |

On September 16, 2005, Plaintiff filed the present action in this Court. On June 9, 2006, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to file an opening brief. The order instructed Plaintiff to respond within twenty (20) days. Plaintiff has failed to do so.

Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

1

1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Defendant; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since September 16, 2005. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424. The Court's order dated June 9, 2006, expressly stated "Failure to respond to this Order to Show Cause will result in a recommendation to dismiss this action." Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

## RECOMMENDATION

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for Plaintiff's failure to obey the Court's order and failure to prosecute.

1    This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger
2 pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of
3 Practice for the United States District Court, Eastern District of California.  Within thirty (30) days
4 of being served with a copy, any party may file written objections with the court and serve a copy on
5 all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
6 Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days
7 (plus three days if served by mail) after service of the objections.  The Court will then review the
8 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
9 to file objections within the specified time may waive the right to appeal the District Court's order.
10 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13    IT IS SO ORDERED.

14    **Dated:   July 17, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                           UNITED STATES MAGISTRATE JUDGE

3